UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RAMESH PATEL, et al.,

                Plaintiffs,                Case No. 16-cv-13316

v                                                Honorable Thomas L. Ludington

KANAKSINH ZALA,

                Defendant.
_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO SATISFY AMOUNT IN CONTROVERSY REQUIREMENT**

Plaintiffs Ramesh Patel and Bharati Patel initiated the above-captioned action against Defendant Kanaksinh Zala on September 13, 2016, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1. Plaintiffs, residents of Apache County, Arizona, allege that Defendant, a resident of Los Angeles County, California, contacted Plaintiffs regarding an opportunity to invest in an entity called Darshana Hospitality, LLC. Darshana Hospitality is an entity that is responsible for managing certain hotels in the state of Michigan. Plaintiffs further allege that on or about September 14, 2014 Defendant Zala accepted $52,965.00 in capital contributions from Plaintiffs in the form of personal checks and salary withholdings. Plaintiff alleges that although Defendant Zala cashed the checks given to him by Plaintiffs, Zala has not provided them with any documentation of their membership interest in Darshana Hospitality, LLC and has refused to refund Plaintiffs' contribution. Based on this alleged conduct, Plaintiffs' original complaint asserts three claims: (1) Breach of contract; (2) Fraudulent misrepresentation; and (3) Innocent misrepresentation. Plaintiffs also request that the Court enter judgment in their favor in the amount of $158,895.00.

**I.**

Because Plaintiff's complaint did not provide any legal explanation for the tripling of economic damages, Plaintiffs was directed to show cause as to how their allegations satisfy the $75,000 amount in controversy requirement. In response, Plaintiffs moved to amend their complaint, seeking to add a conversion claim pursuant to Michigan Compiled Law 600.2919a. Under that provision, a party may recover triple damages, plus costs and reasonable attorney fees, where he is damaged as a result of "[a]nother person's stealing or embezzling property or converting property to the other person's own use." Defendants have filed a reply, arguing that because the alleged conversion involved checks, Plaintiffs' proposed conversion claim is governed by Michigan Compiled Law 440.3420. That provision provides:

> The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by (i) the issuer or acceptor of the instrument or (ii) a payee or endorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.

*Id*. Defendant thus argues that Plaintiffs' proposed amendment would be futile.

**II.**

The parties' pleadings in this matter present a number of curiosities. First, while Plaintiffs allege that they made capital contributions to Darshana Hospitality in the form of personal checks and salary withholdings, Plaintiffs do not plead any facts regarding their employment relationship with Darshana Hospitality or with Defendants. Second, Plaintiffs have not provided the Court with copies of the checks forming the basis of the transactions. Defendant, on the other hand, does provide copies of three checks. Bizarrely however, none of the attached checks were drawn against an account owned by Plaintiffs, and the attachments do not include the

reverse sides containing the endorsements. Finally, and most damning, Plaintiffs do not allege that Defendants wrongly forged any endorsement on the checks allegedly converted by Defendant. All of these facts raise more questions than answers.

For current purposes, the only issue is whether Plaintiffs' proposed conversion claim would be futile. Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Futility is one factor for Courts to consider in determining whether a party should be granted leave to amend. *Hageman v. Signal L.P. Gas, Inc*., 486 F.2d 479, 484 (6th Cir. 1973). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio,* 601 F.3d 505, 512 (6th Cir. 2010) (internal citation and quotation marks omitted).

To state a conversion claim against Defendant, Plaintiffs were required to allege that their checks were "taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank [made] or [obtained] payment with respect to the instrument[s] for a person not entitled to enforce the instrument[s] or receive payment." Plaintiffs have not done so. Plaintiffs have not alleged that Defendant forged endorsements, or was not otherwise entitled to enforce the instrument. As such, Plaintiffs have not met the amount in controversy requirement, and this Court does not have subject matter jurisdiction over Plaintiffs' remaining claims. The complaint will be dismissed without prejudice to Plaintiffs' ability to refile their breach of contract, fraudulent misrepresentation, and innocent misrepresentation claims in state court.

### III.

Accordingly, it is **ORDERED** that Plaintiff's request for leave to file an amended complaint, ECF No. 6, is **DENIED.**

- 4 -

It is further **ORDERED** that Plaintiffs complaint, ECF No. 1, is **DISMISSED without prejudice.**

                                                s/Thomas L. Ludington  
                                                THOMAS L. LUDINGTON  
                                                United States District Judge

Dated: February 6, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 6, 2017.

                              s/Michael A. Sian  
                              MICHAEL A. SIAN, Case Manager